Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, modifies the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer at all relevant times.
3. At all relevant times, defendant was a duly qualified self-insured with RSKCO, Inc. as the administrator.
4. On 2 November 1993, the Industrial Commission approved the parties' Industrial Commission Form 21 Agreement for Compensation for Disability.
5. The parties stipulated to the admission into evidence of "Industrial Commission Proceedings" leading to the 25 February 1999 hearing, including a Consent Order by Deputy Commissioner Lawrence Shuping.
6. The parties stipulated to plaintiff's medical records from Whitney J. French, M.D., O. Del Curling. M.D., David V. Janeway, M.D., John F. Warren, III, Ph.D., Scott J. Spillman, M.D., Arnold E. Nelson, Ph.D., Kevin L. Speight, M.D., Anthony Russell, M.D., Julie Beaty, P.T., John M. Goeke, Ph.D., Richard L. Rauck, M.D., Jack Hurov, Ph.D., and Michael King, M.D.
7. The issues presented are:
 a) Whether Dr. Speight's monitoring and managing of plaintiff's medical condition is effecting a cure, giving relief, or lessening plaintiff's disability?
 b) Whether plaintiff's request for authorization for continued treatment with Dr. Speight should be allowed?
 c) Whether defendant defended plaintiff's Motion without reasonable grounds in violation of G.S. 97-88.1?
 ***********
Based upon all of the competent, credible evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was thirty-five years old and had been disabled from her employment as a reservationist with defendant since 1993 based on restrictions against repetitive or strenuous use of her hands resulting from bilateral carpal tunnel syndrome.
2. Plaintiff initially presented to her family physician, Whitney French, M.D. Plaintiff was referred to O. Del Curling, M.D., a neurosurgeon, for a workers' compensation evaluation. In 1993, Dr. Curling performed bilateral carpal tunnel releases on plaintiff's wrists, but these procedures failed to produce the expected relief. In November 1993, David Janeway, M.D., an orthopedist, diagnosed plaintiff with reflex sympathetic dystrophy. Dr. Curling concurred with Dr. Janeway's diagnosis and referred plaintiff to Kevin Speight, M.D., an anesthesiologist.
3. Dr. Speight initially treated plaintiff with a series of stellate ganglion blocks until July 1994. In August 1994, Dr. Speight opined that plaintiff had reached maximum medical improvement. Since August 1994, Dr. Speight has seen plaintiff approximately every three to four months for pain medication management and monitoring.
4. In 1994, Dr. Speight practiced at Baptist Hospital's Pain Control Center. However, Dr. Speight moved his practice in February 1998 to North Carolina's Rowan Regional Hospital. The Rowan facility is approximately thirty-five miles from plaintiff's home. Dr. Speight has monitored and managed plaintiff's drug therapy for the past five years. Although plaintiff's condition has not changed under Dr. Speight's care, Dr. Speight's treatment has tended to prevent plaintiff's condition from worsening. Plaintiff is not seeking reimbursement for her mileage traveling to and from Dr. Speight's office.
5. Dr. Speight opined that plaintiff may be able to return to work, but he does not have a treatment plan with a goal of rehabilitating plaintiff to employment. Dr. Speight further opined, and the Full Commission finds, that there are other sources of medical treatment available that could return plaintiff to a tolerable work level, including a re-entry program where she could have graded physical activity.
6. On 8 April 1998, plaintiff presented to Michael King, M.D., an orthopedic surgeon, for an independent medical evaluation. Dr. King indicated that plaintiff would benefit from a course of psychological treatment to help her overcome psychological barriers to recovery and water therapy exercise designed to improve her overall physical function. Dr. King did not believe that plaintiff should receive further pain clinic treatments.
7. The competent evidence of record establishes that pain medication is not the only medical treatment that can effect a cure, give relief, or lessen plaintiff's disability.
8. Plaintiff would benefit from a multidisciplinary program of psychological counseling, water therapy, and work re-entry; however, it is not necessary to discontinue the monitoring by Dr. Speight to the extent that Dr. Speight's treatment does not conflict with the plan of treatment recommended in the multidisciplinary program.
9. Defendant has reasonably defended this matter and an award of attorney's fees is not warranted.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Defendant should continue to pay for the monitoring by Dr. Speight on a four to six months schedule, to the extent that Dr. Speight's treatment does not conflict with the multidisciplinary plan of treatment approved in paragraph 2 below. G.S. 97-25.
2. Defendant is authorized to offer plaintiff a multi-disciplinary treatment program that offers psychological and physical therapy and a work reentry program, either at Baptist Hospital or some other mutually agreed upon facility. G.S. 97-25.
3. Plaintiff's motion for attorney's fees is denied. G.S. 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's request for authorization of continued treatment with Dr. Speight is approved, to the extent that Dr. Speight's treatment does not conflict with the multidisciplinary plan approved in paragraph 2 of this Award.
2. Defendant is authorized to provide plaintiff with a multidisciplinary treatment program that offers psychological and physical therapy and a work reentry program, either at Baptist Hospital or other mutually agreeable facility.
3. This case is referred to the Industrial Commission Nurses Section for assignment of a rehabilitation nurse to assist the parties in locating an appropriate facility and to coordinate plaintiff's treatment. Defendant shall bear the costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
S/_______________ LAURA K. MAVRETIC COMMISSIONER